**In the Interest of F.A.V., a Child.**

**No. 05–07–01734–CV.**

Court of Appeals of Texas, Dallas.

May 13, 2009.

Judith A. Grantham, Carrollton, TX, for Appellant.

Graciela Olvera, Antonio Olvera, Jr. & Associates, Dallas, TX, for Appellee.

Before Justices FITZGERALD, LANG, and SMITH.[1]

## OPINION

Opinion by Justice BEA ANN SMITH.

This is an appeal from the district court's final order in a suit affecting the parent-child relationship. The child's father, Fidel Valdez, asserts that the district court abused its discretion by not upholding the order of the associate judge striking the pleadings of the child's mother, Crystal Renee Valdez. We affirm the district court's judgment.

In 2005, the parties filed for divorce, and each sought to be appointed sole managing conservator of their child, F.A.V. On June 23, 2006, the associate judge appointed a parenting coordinator to assist the parties in communicating and making the decisions necessary to the child's best interest. See TEX. FAM.CODE ANN. §§ 153.605(a), .606 (Vernon 2008). The associate judge ordered the parties each to pay a portion of the parenting coordinator's fee. See id. § 153.609(b). On August 24, 2006, the associate judge ordered the parties to cooperate with the parenting coordinator and to pay him for twelve more hours of work. On October 4, 2006, the associate judge ordered Mother to pay the parenting coordinator $375 by October 6, 2006, "or the Court will consider imposing 215.2(b)(5) sanctions." See TEX.R. CIV. P . 215.2(b)(5) (permitting courts to impose sanctions of "an order striking out pleadings or parts thereof"). On October 12, 2006, Father moved for sanctions against Mother for, among other reasons, her failure to pay

the parenting coordinator as required by the associate judge's order. On November 15, 2006, the associate judge granted Father's motion for sanctions "with respect to her failure to pay and cooperate with co-parenting manager [sic]," and the associate judge ordered Mother's pleadings stricken.

Mother timely requested a de novo hearing before the district court to reconsider the associate judge's order striking her pleadings. At the de novo hearing, the parties stipulated that after the associate judge ordered Mother's pleadings stricken, Mother paid the parenting coordinator and was "doing her best to cooperate" with him.[2] The district court ordered "that the ruling of the Associate Judge is hereby reversed in that Respondent's [Mother's] pleadings shall not be stricken. Any issue of non-compliance may be raised at trial." In its findings of fact and conclusions of law, the district court stated it "did not grant Petitioner's [Father's] request to strike Crystal Valdez's pleadings for her failure to pay the parenting coordinator and such sanctions were not appropriate in this case because Respondent's failure to pay the parenting coordinator did not hinder Petitioner's ability to prosecute this case."

In his sole issue, Father argues that the district court abused its discretion by reversing the ruling of the associate judge striking Mother's pleadings and ordering that Mother's noncompliance could be raised at trial. On the request of a party, the district court reviews an associate judge's order through a de novo hearing.

1. The Honorable Bea Ann Smith, Justice, Court of Appeals, Third District of Texas at Austin, Retired, sitting by assignment.

2. The reporter's record in this case is a partial one. Father followed the requirements of rule of appellate procedure 34.6(c) and included a statement of issues to be presented on appeal in his request for preparation of the reporter's record. Father's issue on appeal was set out in the statement of issues, so we presume the partial reporter's record constitutes the entire record for purposes of reviewing the stated issue. See TEX.R.APP. P. 34.6(c).

TEX. FAM.CODE ANN. § 201.015 (Vernon 2008).

■ Whether to impose a sanction and the most appropriate type of sanction, is a matter left to the sound discretion of the trial court. *See Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990). The test for whether a court abused its discretion in striking or not striking a party's pleadings is "whether the trial court acted without reference to any guiding rules and principles," that is, whether the trial court's decision was arbitrary or unreasonable. *Id.; Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ At the de novo hearing, Father's counsel relayed to the district court Mother's repeated failure to comply with the associate judge's orders to pay the parenting coordinator. Father's counsel argued that Mother's continued failure to pay meant that monetary sanctions or a continuing order to comply "would do no good." Mother's counsel told the court that Mother's failure to pay the parenting coordinator in a timely manner was due to financial inability, "not because she did not want to cooperate with the parenting coordinator or that she was avoiding that." Father's counsel did not object to these statements or challenge their veracity. Mother's counsel argued that striking the pleadings was too severe a sanction because (1) it would prevent Mother from seeking conservatorship or presenting evidence of what custodial arrangements were in the best interest of the child; and, (2) her failure to pay the parenting coordinator did not hinder Father in preparing his case for trial. The parties stipulated that Mother failed to pay the parenting coordinator within the time ordered by the associate judge, but that Mother had since paid the parenting coordinator and was cooperating with the parenting coordinator.

■ As the supreme court has stated, "striking pleadings is a harsh sanction that must be used as a last resort after the trial court has considered lesser sanctions, and that in all but the most egregious and exceptional cases, the trial court must test lesser sanctions before resorting to death penalty sanctions." *Cire v. Cummings,* 134 S.W.3d 835, 842 (Tex.2004). In suits affecting the parent-child relationship, where the best interest of the child is paramount, striking the pleadings of a parent will rarely, if ever, be appropriate. *See Taylor v. Taylor,* 254 S.W.3d 527, 534–35 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

Father cites no case where a reviewing court has held a trial court has abused its discretion for failing to strike a party's pleadings, and counsel for Father conceded at submission of this appeal that she has found no such cases. The uncontroverted information before the district court was that Mother's failure to pay the parenting coordinator at the designated time was due to financial inability and not a willful failure to cooperate, and that she had since paid the parenting coordinator. This information, combined with her counsel's argument that striking Mother's pleadings would leave her unable to present evidence or argument of the child's best interest, supports the district court's decision to set aside the associate judge's recommendation to strike Mother's pleadings. We conclude the district court's decision was neither arbitrary nor unreasonable and was not an abuse of discretion.

Father also asserts that the district court's order permitting him to raise at trial the issue of Mother's noncompliance was not a sanction and that the district court abused its discretion by not imposing

a sanction. However, the family code does not require the imposition of a sanction for a parent's failure to pay the parenting coordinator timely, and Father cites no authority requiring the court to impose a sanction under these circumstances. We conclude that Father has not shown the district court abused its discretion. We resolve Father's sole issue against him.

We affirm the district court's judgment.